**Tagged opinion**



**ORDERED in the Southern District of Florida on January 05, 2011.**

                                                                    John K. Olson, Judge
                                                            United States Bankruptcy Court
_____

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### Fort Lauderdale Division
www.flsb.uscourts.gov

**In re**:

Michael A. **Harris**,

        Debtor.
_____/

Case No. 10-16587-BKC-JKO

Chapter 7

### Order Denying Motion for Reconsideration [ECF No. 228]

The Debtor has moved [ECF No. 228] for reconsideration of the Order [ECF No. 226] I entered denying his motion [ECF No. 214] which sought entry of an order establishing procedures for the monthly billing and payment of interim professional fees in this case.

I denied the fee procedures motion for two reasons. First, for lack of prosecution because the Debtor's counsel failed to appear at the scheduled hearing. Counsel asserts in the reconsideration motion that the failure to appear was the result of excusable neglect. Calendaring errors do occur, and I am not unsympathetic.

The second reason I denied the fee procedures motion was on the merits.  Since I did not fully explain my thinking in the Order from which reconsideration is sought, I will do so here.

Local Rule 2016-1(B)(3)(b) provides in relevant part that "[i]n larger chapter 11 cases ... the court ... may consider approval for monthly payment of interim fee applications for chapter 11 professionals."  The purpose of this deviation from the general provisions of 11 U.S.C. § 331, which provides for professional fee applications not more often than every 120 days, is to prevent excessive financial burden on professionals in larger chapter 11 cases.

Local Rule 2016-1(B)(3)(b) does not define what constitutes a "larger chapter 11 case."  One of my colleagues in another Florida district has occasionally defined a mega-case as "a double-wide[1] and a dually,[2]" but that district is considerably less urban than this one and I doubt the utility of that definition here.  Moreover, the last few years of real estate debacle case filings have called into question its applicability even there.

This case involves a chapter 11 Debtor whose schedules value his assets – principally real estate – at $1,106,995, and states that his liabilities are $2,394,296.16, of which $2,103,372.00 are secured.  This case is in chapter 11 only because the secured debts exceed the chapter 13 maximum of $1,010,650 – but not by so much as to turn this case into a "larger chapter 11 case."

I shall not attempt to define what does constitute a "larger chapter 11 case" because I do not need to do so here.  As Justice Potter Stewart noted, in a somewhat different context, "I

---

[1]  A mobile home twenty feet or more wide and ninety feet or less long towed to its site in two separate units which are then joined together.

[2]  A pickup truck with four wheels on the rear axle.

know it when I see it, and ... this case is not that."[3]  The motion for reconsideration is accordingly DENIED.

###

---

[3] *Jacobellis v. State of Ohio*, 378 U.S. 184, 197 (1964).